# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ALFREDO WILLIAMS,**

    **Plaintiff,**

vs.                                                        **Case No. 4:19cv166-AW/CAS**

**WARDEN R. CONNORS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has filed an amended civil rights complaint, ECF No. 15, which has been reviewed as is required by 28 U.S.C. § 1915A. In general, Plaintiff complains that the Defendants failed to protect him from an "unreasonable risk of harm." *Id.* at 13. Plaintiff alleges that on February 2, 2019, he and other inmates participating in the Religious Diet Program were being escorted from the dormitory area to food service when another inmate approached Plaintiff and stabbed him with a "homemade weapon." *Id.* at 10-12. The attack happened despite the fact that a number of officers were standing "approximately 4 to 5 feet away." *Id.* at 12. Officers deployed chemical agents to stop the attack, but Plaintiff indicates that his

attacker "threw his weapon to the ground and ran off toward his dorm." *Id.* 12-13. Following the attack, Plaintiff was placed on close management and, at some later time, was transferred "to cover up the fact that he was a victim of a brutality [sic] stabbing attack by another inmate due to the negligence of Liberty Correctional staff." *Id.* at 10.

Plaintiff asserts an Eighth Amendment claim against the named Defendants for failing to protect his safety from "violence at the hands of other prisoners." *Id.* at 14. He further claims Defendants were negligent because they permitted Plaintiff's attacker to line up for the Religious Diet Program even though that name was not "on the list" for that day's meal. *Id.* at 12, 14. As relief, Plaintiff seeks compensatory and punitive damages. *Id.* at 21.

As Plaintiff was previously advised when he was directed to file an amended complaint, the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-527, 104 S. Ct. 3194, 3200, 82 L. Ed. 2d 393 (1984)). In guaranteeing their

safety, officials must "protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833, 114 S. Ct. at 1976-1977, *citing* Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir.), *cert. denied* 488 U.S. 823 (1988).  However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977.

To prevail on an Eighth Amendment failure-to-protect claim, a prisoner plaintiff must make two showings.  First, he must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977 (citing Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 2481, 125 L. Ed. 2d 22 (1993)).  Second, he must show that the defendant prison official had a "culpable state of mind" (be deliberately indifferent) in that he knew of and disregarded "an excessive risk to inmate health or safety."  511 U.S. at 834, 837, 114 S. Ct. at 1977, 1979.  In other words, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S. Ct. at 1979.  The "deliberate indifference"

standard "entails something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835, 114 S. Ct. at 1978.

Here, Plaintiff has not made either showing. Although Plaintiff made a conclusory allegation that there was a "history of widespread abuse and stabbing[s]" at Liberty Correctional Institution, *see* ECF No. 15 at 9, which is accepted as true, it still remains that Plaintiff and other inmates were being escorted by six correctional officers. Plaintiff was not left alone with a person known by officers to have previously threatened him, and the inmates were being supervised. The attack occurred suddenly without warning, and there are no facts alleged which show that Plaintiff previously advised prison officials that he was likely to be attacked. Because no Defendant is alleged to have prior knowledge that Plaintiff was at risk of being attacked, there is no basis for Plaintiff's Eighth Amendment claim against them.

Furthermore, Plaintiff's claim that Defendants were "negligent" is insufficient as a matter of law. The Supreme Court has held that a state official's negligent conduct, even though it causes injury, does not

constitute a deprivation under the Due Process Clause. Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).

Plaintiff has already been provided an opportunity to correct the deficiencies of his complaint, and further opportunities need not be extended. Plaintiff's amended complaint is insufficient to state a claim and should be dismissed pursuant to 24 U.S.C. § 1915(e)(2)(B)(ii).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 15, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 9, 2019.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**